## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2009 MAY -6  A 11: 12

| | |
|---|---|
| BROADCAST MUSIC, INC.; MICHAEL BALZARY, JOHN ANTHONY FRUSCIANTE, ANTHONY KIEDIS AND CHAD GAYLORD SMITH, a partnership d/b/a MOEBETOBLAME MUSIC; ROBERT KUYKENDALL, RICHARD A. REAM, BRUCE JOHANNESSON AND BRET M. SYCHAK, a partnership d/b/a CYANIDE PUBLISHING; MICHAEL JOE JACKSON, an Individual d/b/a MIJAC MUSIC; COTA MUSIC, INC.; POWER METAL MUSIC, INC.; FAMOUS MUSIC LLC d/b/a ENSIGN MUSIC; UNIVERSAL MUSIC - Z TUNES LLC d/b/a UNIVERSAL MUSIC Z SONGS; R. KELLY PUBLISHING, INC.; EMI BLACKWOOD MUSIC, INC.;<br><br>Plaintiffs,<br><br>V.<br><br>PREMIER CLUB ENTERPRISES, INC. d/b/a PLATINUM PREMIER GENTLEMEN'S CLUB, and CHRISTOPHER STEPHANS, individually,<br><br>Defendants. | CIVIL ACTION NO.: _____ |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing

under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiffs are informed and believe that Defendant Premier Club Enterprises, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, which operates, maintains and controls an establishment known as Platinum Premier Gentlemen's Club, located at 241 Southbridge Street, Worcester, MA, 01608, in this district (the "Establishment").

6. Defendant Christopher Stephans is the registered agent for Premier Club Enterprises, Inc. at 24 Sharon Ave., Newton, MA 02466.

7. In connection with the operation of the Establishment, Defendant Premier Club Enterprises, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

8. Defendant Premier Club Enterprises, Inc. has a direct financial interest in the Establishment.

9. Plaintiffs are informed and believe that defendant Christopher Stephans is an officer of Defendant Premier Club Enterprises, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

10. Plaintiffs are informed and believe that defendant Christopher Stephans has the right

and ability to supervise the activities of Defendant Premier Club Enterprises, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

11. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 10.

12. Plaintiffs allege seven (7) claims of willful copyright infringement, based upon defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against defendants.

13. Annexed as Schedule A and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the Plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 stating the date(s) of infringement; and Line 8 identifying the name of the Establishment where the infringement occurred. All references hereinafter to "Lines" are to lines on the Schedule.

14. Each of the musical compositions identified on the Schedule, Line 2, were created by the persons named on Line 3.

15. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

16. On the dates listed on Line 7, plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

17. On the date(s) listed on Line 7, defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at on the premises of the Establishment without a license or permission to do so. Thus, defendants have committed copyright infringement.

18. The specific acts of copyright infringement alleged, as well as defendants' entire course of conduct, have caused and are causing plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, defendants threaten to continue committing copyright infringement. Unless this Court restrains defendants from committing further acts of copyright infringement, plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages per claim of infringement, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted:

Date: May 6, 2009

BROADCAST MUSIC, INC., et al,
Plaintiffs,

By their attorneys,

William S. Strong, Esq., BBO #483520
Amy C. Mainelli Burke, Esq., BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, Massachusetts 02114
Tel: (617) 227-7031
Fax: (617) 367-2988
strong@kcslegal.com
aburke@kcslegal.com